# STATE OF MICHIGAN

# COURT OF APPEALS

---

JULIE E. VISSER TRUST,

        Plaintiff-Appellant,

v

CITY OF WYOMING, WYOMING PLANNING
COMMISSION, JOHN LEE KOETJE, KOETJE
INVESTOR LIMITED PARTNERSHIP, KOETJE
INVESTORS-CHATEAU LIMITED
PARTNERSHIP,

        Defendants-Appellees.

UNPUBLISHED
October 30, 2014

No. 317606
Kent Circuit Court
LC No. 13-000289-CH

---

Before: BORRELLO, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

This case involves defendant City of Wyoming's (Wyoming's) July 2, 2012, rezoning of a parcel of property (the subject property) from R-1, single-family residential, to R-4, multi-family residential to allow defendants developers John Lee Koetje, Koetje Investors Limited Partnership, and Koetje Investors-Chateau Limited Partnership, ("the Koetje defendants" or "Koetje"), to construct Phase 4 of the Chateau Village Apartments. The subject property is bounded in part by Phases 1-3 of the Chateau Village Apartments. Plaintiff owns property zoned R-1 in the Chateau Estates, a single-family residential development, which lies due south of the subject property. After Wyoming approved the rezoning, in December 2012, defendant, the Wyoming City Planning Commission approved Koetje's revised site plan for Phase 4 construction. Thereafter, plaintiff commenced this lawsuit, challenging both the rezoning and the site plan approval. Plaintiff also alleged a Freedom of Information Act (FOIA) violation and alleged that the rezoned property was subject to negative restrictive covenants. On July 19, 2013, the trial court granted defendants' motions for summary disposition and dismissed the case. Plaintiff appeals as of right. For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand for further proceedings.

## A. BACKGROUND

On January 6, 2012, Koetje submitted a Site Plan Approval Application to the Planning Commission, seeking approval of a plan to build Phase 4. At the same time, Koetje submitted a request to rezone the subject property from R-1 to R-4. At some point, Koetje also submitted a

"Voluntary Offer of Conditions," setting forth four conditions "of the rezoning" that it voluntarily agreed to abide by in the event the rezoning application was granted.

The Planning Commission held two public hearings on the rezoning matter and ultimately recommended against the rezoning and forwarded the matter to the City Council; the Planning Commission tabled the site plan pending the City Council's decision.

On May 7, 2012, the City Council passed a first reading of Ordinance No. 7-12, amending Section 90-32 of the Wyoming Municipal Code. The amendment proposed to rezone the subject property to R-4 residential use.

While Koetje was waiting for final approval from the City Council, Koetje submitted a revised "Voluntary Offer as condition to Rezoning." The revised voluntary offer added nine additional proposed conditions that Koetje agreed to abide by in the event the land was rezoned. The revised offer also stated that, "[t]his offer, if accepted, shall be enforceable by the City of Wyoming . . . as a zoning or contract matter."

On July 2, 2012, the City Council approved Ordinance 7-12, amending the Municipal Code and rezoning the subject property. Thereafter, Koetje submitted revised site plans until the Planning Commission ultimately approved a final site plan on December 18, 2012.

On January 10, 2013, plaintiff filed a complaint in circuit court, alleging that the rezoning and approval of the site plan were invalid and failed to comply with the law. Plaintiff alleged that the rezoning and site plan approval process was replete with procedural defects and alleged that the rezoning amounted to illegal "contract zoning." Plaintiff alleged that it and its successors would suffer "special damages" in the form of the loss of value and enjoyment of property in addition to "light interference and other damages." Plaintiff requested a judgment declaring that approval of the site plan and rezoning were invalid as a matter of law. Plaintiff also requested an injunction enjoining Koetje from completing any improvements on the subject property and enjoining the City Council and the Planning Commission "from considering any subsequent approval of any site plan related to the Subject Property, or any part of it, until all portions of Wyoming ordinances are complied with." Plaintiff also requested that the court make a determination regarding the amount of damages due to plaintiff.

Both the Koetje defendants and the Wyoming defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Defendants argued that plaintiff failed to timely appeal the rezoning issue and argued that the claims were barred under the doctrine of laches. The Koetje defendants argued that plaintiff's restrictive covenant claim failed where there was no support that the subject property was part of a common development with the Chateau Estates. The Wyoming defendants argued that plaintiff did not have standing to allege a FOIA violation where the only FOIA request was submitted before commencement of the lawsuit on behalf of Donald Visser in his personal capacity.

On July 19, 2013, the trial court granted defendants' motions for summary disposition and dismissed the case. With respect to the site plan, the trial court held that plaintiff's challenge was untimely, explaining as follows:

-2-

[Plaintiff's] challenge to the site plan approval, an administrative decision . . . was required to be raised on appeal. Specifically, [plaintiff] should have challenged the site plan approval under MCR 7.122, which "governs appeals to the circuit court from a determination under a zoning ordinance by any . . . commission." The time to file an appeal under MCR 7.122(B) has expired. Therefore, this Court lacks jurisdiction to consider a challenge to the site plan approval . . . .

With respect to the rezoning issue, the trial court noted that plaintiff's claim was somewhat unclear, noting that "It appears that [plaintiff] is claiming that the rezoning was an illegal instance of 'contract zoning.'" The court noted that plaintiff offered a letter from Koetje's engineer stating that "[t]he City desires to accomplish this as 'contract rezoning,'" and that plaintiff claimed that a municipality was prohibited from "requiring conditions for rezoning." The court reasoned that plaintiff had "come forward with little, if anything, to meet its burden" to create a genuine issue of fact to support that the rezoning was invalid. In addition, the court found that the doctrine of laches applied to plaintiff's rezoning claim.

The court also dismissed plaintiff's FOIA claim, reasoning that summary disposition was appropriate where Donald Visser (plaintiff's counsel) requested documents in an individual capacity and Donald Visser was not a party to the action.

Finally, with respect to Count III, negative and restrictive covenants, the court found that plaintiff "failed to plead the necessary elements for a reciprocal negative easement," and also reasoned that the doctrine of laches applied to this claim. Plaintiff appeals the trial court's order as of right.

## B. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id.* at 119. In addressing the motion, a trial court may only consider the pleadings and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id.* Summary disposition is proper where the alleged claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163, 483 NW2d 26 (1992). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden*, 461 Mich at 120. "[A] trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion" to determine whether there is a genuine issue of material fact. *Id.* A genuine issue of material fact "exists when the record leaves open an issue on which reasonable minds might differ." *Jimkoski v Shupe*, 282 Mich App 1, 4–5; 763 NW2d 1 (2008). To the extent we must interpret statutes and court rules, our review is de novo. *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 271; 826 NW2d 519 (2012).

## C. ANALYSIS

### i. Site Plan

-3-

Plaintiff argues that the trial court erred in holding that its challenge to the site plan was time-barred by MCR 7.122(B).

MCR 7.122 provides in pertinent part as follows:

(1) This rule governs appeals to the circuit court from a determination under a zoning ordinance by any officer, agency, board, commission, or zoning board of appeals, and by any legislative body of a city, village, township, or county authorized to enact zoning ordinances. Unless this rule provides otherwise, MCR 7.101 through MCR 7.115 apply. This rule does not apply to legislative decisions of a city, village, township, or county, such as the adoption of or amendment to a zoning ordinance.

(2) This rule does not restrict the right of a party to bring a complaint for relief relating to a determination under a zoning ordinance. A party may seek a stay of enforcement under MCR 7.123(E).

* * *

(B) Time Requirements. An appeal under this rule must be filed within the time prescribed by the statute applicable to the appeal. If no time is specified in the applicable statute, the appeal must be filed within 30 days after the certification of the minutes of the board or commission from which the appeal is taken or within 30 days after the board or commission issued its decision in writing, whichever deadline comes first.

In this case, the Planning Commission approved the site plan on December 18, 2012. Plaintiff commenced this lawsuit 22 days later on January 9, 2013. Nevertheless, the trial court found plaintiff's claim untimely, stating that plaintiff "should have challenged the site plan approval under MCR 7.122, which 'governs appeals to the circuit court from a determination under a zoning ordinance by any . . . commission.' The time to file an appeal under MCR 7.122(B) has expired." Essentially, the court held that, because plaintiff filed a *complaint* challenging approval of the site plan *instead of filing an appeal*, plaintiff's claim was time-barred. Whether the trial court erred turns on whether plaintiff was *required* to appeal the Planning Commission's decision or whether plaintiff could file a general civil suit challenging that decision.

The Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, provides that a "local unit of government may require the submission and approval of a site plan before authorization of a land use or activity regulated by a zoning ordinance." MCL 125.3501(1). The MZEA further provides that, in the event that the site plan conforms to requirements set forth in the zoning ordinance and other applicable statutes the site plan "shall be approved." MCL 125.3501(5). The MZEA does not, however, specifically address whether and how an interested or aggrieved party may challenge the approval or denial of a site plan.

Although the MZEA contains provisions governing appeals of some zoning decisions, it is silent with respect to appealing an approval of a site plan. The MZEA contains a specific provision governing appeals in MCL 125.3607(1), which provides in relevant part as follows:

-4-

(1) Any party aggrieved *by any order*, determination, or decision of any officer, agency, board, commission, zoning board of appeals, or legislative body of any local unit of government *made under [MCL 125.3208]* may obtain a review in the circuit court . . . in accordance with [MCL 125.3606 (governing review of decisions of the zoning board of appeals]. [Emphasis added.]

This statutory provision creates a limited right for an aggrieved party to obtain review of decisions "*made under*" MCL 125.3208, which governs non-conforming uses. Thus, because approval of the site plan in this case was not made under MCL 125.3208, contrary to plaintiff's arguments, MCL 125.3607 is inapplicable.

The MZEA also provides a means to challenge a decision made by a zoning board of appeals (ZBA). MCL 125.3606(1) provides in relevant part that, "[a]ny party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court. . . ." The statute sets forth time deadlines for appeals from the ZBA. MCL 125.3606(3). In this case, however, plaintiff did not challenge a decision of the ZBA. Instead, plaintiff challenged the approval of a site plan. Thus, MCL 125.3606 is also inapplicable.[1]

Given that the relevant statutory provisions do not govern a challenge to a site plan approval, the circuit court had original subject-matter jurisdiction over plaintiff's general civil suit for declaratory and injunctive relief. MCL 600.605 provides that "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." Defendants do not cite and we are not aware of any statutory or constitutional provision giving exclusive jurisdiction over plaintiff's general civil suit to some other court or administrative body. Indeed, MCR 7.122(2) contemplates that a party may bring a general civil suit challenging a zoning decision, providing in part, "[t]his rule does not restrict the right of a party to bring a complaint for relief relating to a determination under a zoning ordinance. . . ." Furthermore, plaintiffs in other cases have filed general civil complaints in circuit court seeking relief from zoning decisions. See e.g. *Williams v City of Troy*, 269 Mich App 670, 673-674; 713 NW2d 805 (2005).

In short, there is no statutory provision requiring plaintiff to challenge the Planning Commission's approval of the site plan in a particular manner as opposed to filing a general civil suit for declaratory and injunctive relief. The trial court therefore erred as a matter of law in dismissing that part of Count I challenging the approval of the site plan on grounds that it did not have jurisdiction.

*ii. Rezoning*

---

[1] Defendants do not contend that the Wyoming Zoning Ordinance mandated that plaintiff appeal the site plan approval in a particular manner—i.e. by appealing the decision to the Wyoming Zoning Board of Appeals. See Wyoming Municipal Code, §§ 90-723, 90-724.

On appeal, plaintiff argues that it alleged that the rezoning was invalid because: (1) it failed to comply with the MZEA and (2) the rezoning was illegal contract zoning.[2] With respect to the validity under the MZEA, it appears that plaintiff's contention is that the rezoning was invalid because Koetje amended its voluntary offer of conditions after the Planning Commission held a public hearing and made a recommendation on the application. This argument is unpersuasive because there was no issue of fact to support that the rezoning violated the MZEA.

Koetje's revised voluntary offer of conditions added nine additional conditions onto the four conditions that were listed in the initial draft. The revision stated that the conditions were voluntary in accordance with MCL 125.3405, which prohibits a municipality from requiring a landowner to agree to certain conditions in exchange for an agreement to rezone.

Plaintiff essentially argues that these revisions constituted submission of a "new" rezoning application that needed to be resubmitted through the entire rezoning application process. This argument has no support in law. Koetje's rezoning application remained the same throughout the entire process in that it was an application to rezone the property from R-1 to R-4 residential. Merely because Koetje amended its voluntary offer did not render the entire rezoning invalid. Even assuming that Koetje amended the rezoning application by adding additional conditions to the voluntary offer, under the MZEA, the City Council was not required to resubmit the application to the Planning Commission for an additional public hearing and recommendation. Specifically, MCL 125.3401 governs public hearings related to approval and amendment of zoning ordinances and it provides in relevant part that "[a]fter . . . receiving a zoning . . . amendment . . . [from the planning/zoning commission]," MCL 125.3401(1), "[t]he legislative body *may* refer any proposed amendments to the zoning commission for consideration and comment within a time specified by the legislative body." MCL 125.3401(3) (emphasis added). The use of the word "may" as opposed to "shall" indicates that the City Council was not required to send Koetje's revisions back to the Planning Commission for consideration. See *Old Kent Bank v Kal Kustom, Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003) ("The word 'shall' is generally used to designate a mandatory provision . . . while 'may' designates discretion. . . .") Therefore, plaintiff's claim had no basis in law and there were no genuine issue of material fact to support the claim.

Plaintiff also contends that the rezoning amounted to illegal "contract zoning." The trial court found that there was no issue of fact to support this claim, reasoning that MCL 125.3405 permits local governments to "approve rezoning subject to voluntary conditions offered by a landowner." The trial court found that plaintiff failed to offer any evidence to support that the Wyoming defendants engaged in illegal contract zoning.

MCL 125.3405 governs "conditional" rezoning and it provides as follows:

---

[2] Defendants argue that plaintiff's rezoning claim was untimely under MCR 7.122. A rezoning decision involves a legislative act and MCR 7.122(1) specifically provides that the rule "does not apply to legislative decisions . . . such as the . . . amendment to a zoning ordinance." Defendants' argument fails.

(1) An owner of land *may voluntarily offer in writing, and the local unit of government may approve, certain use and development of the land as a condition to a rezoning of the land* or an amendment to a zoning map.

\* \* \*

(3) The local government *shall not add to or alter the conditions* approved under subsection (1) during the time period specified under subsection (2) of this section.

\* \* \*

(5) A local unit of government *shall not require* a landowner to offer conditions as a requirement for rezoning. The lack of an offer under subsection (1) shall not otherwise affect a landowner's rights under this act, the ordinances of the local unit of government, or any other laws of this state. [Emphasis added.]

To some extent, MCL 125.3405 limits a municipality's ability to engage in "contract zoning." These limitations derive from the distinction between permissive conduct set forth in paragraph (1) and improper conduct in paragraph (5). While paragraph (1) permits rezoning contingent on voluntary conditions offered by the landowner, paragraph (5) prohibits a municipality from "*require[ing]* a landowner to offer conditions *as a requirement* for rezoning" (emphasis added). These paragraphs illustrate the often murky line of demarcation between illegal contract zoning and legal contract or "conditional" zoning that finds its origins at common law. Our Supreme Court broached the subtle differences between the two in *Addison Twp v Gout*, 432 Mich 627, 630 n4; 443 NW2d 139 (1989), vacated 433 Mich 1201 (1989), when, in addressing a trial court's reference to illegal "contract zoning," the Court stated:

The trial court employed [the] phrase ['contract zoning'] to characterize the zoning change, saying that '[the] law does not permit contract zoning . . . .' That is true in the sense that 'contract zoning' is a conclusory term that is applied to some types of improper agreements. *But it is equally clear that a zoning authority can place certain conditions upon a proposed use.* See, generally, 82 Am Jur 2d, Zoning and Planning, § 17, pp 411-413. [*Id*. at 630 n 4 (emphasis added).]

Although the *Gout* opinion was later vacated on other grounds and is not binding authority, the Court's language nevertheless "suggest[s] that the [C]ourt . . . was making a distinction between 'contract zoning' and 'impermissible contract zoning,' thus inferring that not *all* contract zoning is impermissible." Fisher et al, Michigan Zoning, Planning & Land Use (2012 Update), § 4.9 p 132 (emphasis in original).

The record before this Court does not indicate that there was a genuine issue of fact to support that Wyoming engaged in illegal contract zoning. Plaintiff did not produce any evidence supporting that Wyoming *required* Koetje to agree to a specified set of conditions in exchange for an agreement to rezone the property. More importantly, there is no evidence to support that Wyoming bargained-away its police powers. Plaintiff submitted a letter from Koetje's engineer Doug Stalsonburg regarding the rezoning wherein Stalsonburg wrote that Wyoming "desires to

accomplish this as 'contract rezoning.'" Plaintiff argues that the letter supports the inference that Wyoming engaged in illegal contract zoning in violation of MCL 125.3405(5). There are several problems with that argument. First, use of the phrase "contract rezoning," in and of itself, is not sufficient to create an issue of fact regarding illegality. The phrase "contract rezoning" is ambiguous and could refer to both legal and illegal contract zoning. See *Gout*, 432 Mich at 630 n 4; Fisher et al, § 4.9 p 132. Second, the letter did not state that Wyoming required Koetje to agree to certain conditions or agree to a contract. Instead, the letter stated that Wyoming "desired" to complete the rezoning by contract rezoning. The letter, standing alone, does not support that Wyoming engaged in illegal contract zoning.

Apart from the letter, plaintiff does not cite any evidence to support that Wyoming *required* Koetje to agree to certain conditions. Timothy Cochran, the City Planner, testified that Koetje was "well aware" that the conditions were voluntary. Stalsonburg testified that he revised the voluntary offer after speaking with Cochran and John Koetje, but there is nothing in the MZEA that prohibits a landowner from discussing voluntary conditions with a municipality before making a final offer. Furthermore, contrary to plaintiff's argument on appeal, the timing of Koetje's revised voluntary offer does not support the inference that Wyoming imposed certain conditions on the developer. Instead, the revised voluntary offer was submitted *after* Wyoming posted a first reading of the amendment to the zoning ordinance. At that point, it appeared that Koetje's application was about to be approved and that Wyoming was not requiring Koetje to alter the voluntary offer in any way.

The record evidence essentially shows that, Koetje and Stalsonburg were in continued contact with city officials, particularly Cochran, discussing, primarily, the site plan and the required revisions to the site plan. The MZEA permits a municipality to require developers to submit site plans for projects that meet certain requirements contained in the zoning ordinance. See MCL 125.3501. Nothing in the MZEA prohibits a developer from working with local officials to ensure that its site plan, or rezoning application for that matter, meets the requirements of the ordinance. In addition, neither Stalsonburg nor John Koetje testified that Wyoming compelled them to agree to certain conditions. Stalsonburg testified that he spoke with Cochran and Koetje when he drafted the revised offer, but he did not testify that Wyoming required him to submit the revision. Furthermore, Cochran testified that Koetje was well aware that the conditions were voluntary.

In short, despite attaching numerous exhibits to its brief on appeal, other than the letter, which, standing alone is insufficient to create an issue of fact, plaintiff does not cite any deposition testimony or other documentary evidence to support that Wyoming engaged in illegal contract zoning. The letter and voluntary offers, standing alone, were insufficient to create a genuine issue of fact and the trial court did not err in granting summary disposition in favor of defendants with respect to plaintiff's rezoning claim.[3]

---

[3] Given our conclusion that summary disposition was appropriate as to the rezoning claim, we need not address plaintiff's argument that the trial court erred in applying the doctrine of laches to the rezoning claim. See *Travelers Property Cas Co of America v Peaker Servs, Inc*, ___ Mich

### iii. FOIA

Plaintiff argues that the trial court erred in dismissing its FOIA claim for lack of standing.

Before commencing this lawsuit, Donald Visser sent letters to Wyoming on April 19, 2012 and December 19, 2012, on Donald Visser's letterhead requesting documents pursuant to FOIA. In the letters, Donald Visser did not identify himself as plaintiff's counsel or request the documents on behalf of plaintiff. Instead Donald Visser stated, "I would like the following listed documents." After plaintiff commenced this litigation, plaintiff referenced Donald Visser's FOIA request in its complaint, alleging that plaintiff requested the records and Wyoming failed to disclose all of the requested records. The trial court dismissed plaintiff's FOIA claim on grounds that plaintiff did not have standing to allege a FOIA violation based on Donald Visser's FOIA request.

MCL 15.240 provides in relevant part as follows:

(1) If a public body makes a final determination to deny all or a portion of a request, *the requesting person* may do 1 of the following at his or her option:

(a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

(b) Commence an action in the circuit court to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request. [MCL 15.240 (emphasis added).]

In this case, Donald Visser submitted a FOIA request. The record is unclear as to what date Wyoming allegedly failed to produce all of the requested documents. However, even assuming that plaintiff's complaint was timely filed within 180 days, plaintiff did not have standing to bring the FOIA claim because plaintiff neither submitted the FOIA request nor was the request submitted on behalf of plaintiff. After commencing the lawsuit, plaintiff could have submitted an additional FOIA request on its own behalf, but it failed to do so. Accordingly, plaintiff did not have standing to assert a FOIA challenge under MCL 15.240(1) where the FOIA request was submitted by Donald Visser in his personal capacity.

### iv. Negative Restrictive Covenants

In Count III of the amended complaint, plaintiff alleged a claim of "Negative/Restrictive Covenants," alleging that the subject property was at one time part of a larger parcel that contained the same restrictions as lots in the Chateau Estates—i.e. restricted to single-family development. The trial court found that plaintiff failed to plead "the necessary elements for a

App___; ___NW2d___(2014) (Slip op at 14) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.")

reciprocal negative easement," explaining, "[t]he allegations in Count III are vague and unclear. The Visser Trust's response does little to illuminate its claim or respond to the Koetje Defendants' arguments that it did not plead the necessary elements." The court proceeded to "find[] it more appropriate to dismiss [Count III] under the doctrine of laches." Plaintiff contends that it plead all of the necessary elements and submitted evidence to create an issue of fact to prove that the Koetje property was subject to a "reciprocal negative easement."

"The essential elements of a reciprocal negative easement are: (1) a common grantor; (2) a general plan; and (3) restrictive covenants running with the land in accordance with the plan and within the plan area in deeds granted by the common grantor." *Civic Ass'n of Hammond Lake Estates v Hammond Lake Estates No. 3 Lots 126-135*, 271 Mich App 130, 137; 721 NW2d 801 (2006) (quotation marks and citations omitted).

Plaintiff does not cite any documentary evidence or other evidence to support that the subject property was part of a "general plan" with the Chateau Estates. Plaintiff's property is in the Chateau Estates development. The subject property is not in that development. Plaintiff does not cite anything in the record supporting that these parcels were part of a common general plan and subject to certain restrictions. Plaintiff contends that it "produced the deed restrictions and the title documents demonstrating a common plan or scheme." However, plaintiff does not cite where those documents are located in the lower court record or where they are attached to its brief on appeal. Indeed, plaintiff fails to provide a single citation to the lower court record anywhere in its entire argument related to this issue. Plaintiff's failure to provide any citations to the record in support of its argument constitutes abandonment of this issue. See *McIntosh v McIntosh*, 282 Mich App 471, 485; 768 NW2d 325 (2009) ("This Court will not search the record for factual support for a party's claim"); see also MCR 7.212(C)(7) ("Facts stated must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court.") Nevertheless, we have thoroughly reviewed the lower court record and all attachments to plaintiff's brief on appeal and are unable to find any documentary evidence to support plaintiff's negative restrictive covenant claim. Therefore, summary disposition was appropriate under MCR 2.116(C)(10) and plaintiff cannot show that the trial court erred in dismissing the claim, albeit it did so for the wrong reason—i.e. by applying the doctrine of laches. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Travelers Property Cas Co of America v Peaker Servs, Inc*, ___ Mich App___; ___NW2d___(2014) (Slip op at 14).

## D. CONCLUSION

The trial court erred in holding that it did not have jurisdiction to hear plaintiff's challenge to the site plan approval. In all other respects, the trial court did not err in granting summary disposition in favor of defendants.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  No costs awarded as none of the parties have prevailed in full.  MCR 7.219(A). We do not retain jurisdiction.


/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro